## Case No. 3,010.

### COLLINS et al. v. BELL et al.

[3 N. B. R. 587 (Quarto, 146).][1]

District Court, S. D. New York. 1870.

FRAUDULENT TRANSACTIONS OF BANKRUPT — BURDEN OF PROOF.

Where assignees in bankruptcy impeached a transaction involving a transfer by the bankrupts of a mortgage and promissory notes to holders of their check, if it be shown to have been made out of the ordinary course of business, it is prima facie evidence of fraud, and the burden of proof is cast upon the defendant to show the validity of the transaction.

[In equity. Bill by George C. Collins and Harvey Farrington, assignees in bankruptcy of John Murdock Mackay and John Neilson, against Richard Bell, Frederick Gundry, and the said bankrupts, to set aside the transfer of certain promissory notes and a bond and mortgage.]

T. C. T. Buckley, for plaintiffs.
G. C. Barrett, for defendants.

BLATCHFORD, District Judge. The first question of importance involved in this case is as to whether or not the transfer of the bond and mortgage and the promissory notes by the bankrupts to Bell and Gundry, was made in the usual and ordinary course of business of the bankrupts. If it was not, that fact is prima facie evidence that a fraud

was committed on the bankruptcy act [of 1867 (14 Stat. 534)] by the transfer, and the burden of proof will be upon Bell and Gundry to show the validity of the transaction as respects a fraud on the act. If it shall be shown that the transfer was made in the usual and ordinary course of business of the bankrupts, it will then be for the plaintiffs to establish, in order to recover: 1st, That the bankrupts were insolvent or contemplated insolvency when they made the transfers to Bell and Gundry; 2d, That Bell and Gundry had, at the time such transfer was made, reasonable cause to believe that the bankrupts were insolvent or were acting in contemplation of insolvency, and that a fraud on the act was intended by the bankrupts. The inquiry as to such reasonable cause of belief would seem, from the papers now before the court, to be the vital one in the case, and its solution would seem to be dependent, in a very great measure, upon what actually transpired between the defendant Gundry and John Murdock Mackay, at the time the latter delivered to the former the bond and mortgage and the notes. Gundry's statement is, that the only information given to him at the time by John Murdock Mackay, was that the bankrupts were a little short of money that day, and wished him to substitute the bond and mortgage and the notes in place of the currency check. No account of the interview by John Murdock Mackay, is furnished on this motion. It is impossible to arrive at any satisfactory conclusion as to the merits of the case on the imperfect and ex parte statements given for this motion. I am free to say, however, that on the papers now before me, I should not originally have granted the injunction. The weight of them is rather with the defendants, Bell and Gundry. As it is not suggested that they are not abundantly responsible pecuniarily, and, as the security of the assets which the plaintiffs are seeking to reach is not shown to be in peril, I grant the motion to dissolve the injunction, and deny the motion for a receiver, leaving the case to go to a final hearing on proofs.